Filed 8/26/14  P. v. Smazenka CA2/6
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JASON BENJAMIN SMAZENKA,<br><br>    Defendant and Appellant. | 2d Crim. No. B251849<br>(Super. Ct. No. BA404941)<br>(Los Angeles County) |

Jason Benjamin Smazenka appeals the judgment entered after a jury convicted him of first degree residential burglary (Pen. Code,[1] § 459).  In a bifurcated proceeding, appellant admitted allegations that he had three prior felony convictions (§ 1203, subd. (e)(4)), and had served a prior prison term (§ 667.5, subd. (b)).  The trial court sentenced him to four years in state prison.

On August 21, 2012, Armen Kasjikian arrived at his house and discovered it had been burglarized.  The front door was open and the house was ransacked.  Several items were missing, including a fountain pen set and other collectible items.  An unopened can of Starbucks coffee had been taken from Kasjikian's refrigerator, and the empty can was left sitting on top of his copy machine.

---

[1] All further statutory references are to the Penal Code.

Kasjikian did not call the police that evening. He packed up many of his belongings, took them to his girlfriend's house, and spent the night there. He locked the front door of his house as he left.

The following afternoon, Kasjikian's gardener called Kasjikian and told him there was a problem at his house and the doors were open. Kasjikian went to his house and discovered it had been burglarized again. He believed his bathroom window had been the point of entry because the window was open and its screen had been removed. A cello and violin were among the items missing. This time Kasjikian called the police.

The police arrived and lifted fingerprints from various items in the house, including the empty Starbucks coffee can and two jewelry trays from which items had been stolen. The latent print lifted from the coffee can was matched to appellant through the Los Angeles County Automated Fingerprint Identification System (LAFIS) database. The LAFIS database did not identify any possible match for the two prints lifted from the jewelry trays, but a fingerprint expert matched one of the prints to appellant through a manual comparison.

Appellant offered alibi evidence in his defense. His mother and girlfriend offered testimony to the effect that he was either working at his mother's loft or was at home with his girlfriend when the burglary occurred.

Several days after the burglary, Kasjikian found a jacket outside his bathroom window. Latex gloves and keys were in the jacket's pockets. Kasjikian turned the jacket over to a police detective, but the detective did not have it analyzed for forensic evidence or inform the prosecutor of its existence. The detective thought the jacket was irrelevant to the burglary investigation because he received it two to three months after the crime and it would at most establish a trespass.

Kasjikian recovered his stolen cello from a music shop. The cello was never inspected for any forensic evidence.

We appointed counsel to represent appellant in this appeal. Counsel filed a brief raising no issues and requesting our independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On May 4, 2014, we notified appellant that he had 30 days

in which to advise us of any claims he wished us to consider. No response has been received.

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 123–124; *People v. Wende, supra*, 25 Cal.3d at pp. 441–442.)

The judgment is affirmed.

NOT TO BE PUBLISHED.



PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

3

David Herriford, Judge

Superior Court County of Los Angeles

_____


Maria Leftwich, under appointment by the Court of Appeal, for Appellant.
No appearance for Respondent.